**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4993

HENRY CLIFFORD BYRD, SR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Frank W. Bullock, Jr., Chief District Judge.
(CR-83-52)

Submitted: August 11, 1998

Decided: September 1, 1998

Before WILKINS, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Thomas C. Cochran,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Benjamin H.
White, Jr., Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Henry C. Byrd, Sr., appeals from the district court's order revoking his probation and sentencing him to eighteen months imprisonment. Byrd claims that, because the district court did not include the terms and conditions of probation in its oral pronouncement of his sentence, it lacked the authority to revoke that probation. Because the terms and conditions of Byrd's probation were clearly identified in the judgment and commitment order, and because Byrd does not deny committing the offense underlying the revocation of his probation, we affirm.

Byrd was convicted in 1983 of four counts of knowingly making false statements to a grand jury in connection with its investigation into the shooting deaths of two individuals during a confrontation between the Ku Klux Klan and an anti-Klan organization in 1979. Byrd was sentenced to a five-year active term, a five-year suspended term, and five years probation. The district court orally pronounced Byrd's sentence as follows:

> Counts One and Three are consolidated and the judgment is: It is adjudged that the Defendant is hereby committed to the custody of the Attorney General of the United States or his authorized representative for imprisonment for a term of five years, to commence at such time as the United States Marshal gains custody. Counts Two and Four are consolidated for judgment. It is adjudged that the Defendant is committed to the custody of the Attorney General of the United States or his authorized representative for imprisonment for a term of five years consecutively. Execution of the prison sentence is suspended and the Defendant is placed on probation for a period of five years, to commence at the expiration of the five year active prison sentence imposed in Counts One and Three.

2

In its written judgment and commitment order, the general terms of Byrd's probation were listed, including the requirement that he "refrain from violation of any law (federal, state, and local)."

In January 1990, while serving the five-year term of probation, Byrd was convicted of second degree rape in Maryland and sentenced to fifteen years imprisonment. After serving his state sentence, he was released to federal authorities in October 1997. In November 1997, the district court held a hearing to determine whether Byrd's probation should be revoked. At the hearing, Byrd claimed that, because the district court had not included in its oral pronouncement of his original sentence the conditions of probation, the court lacked the authority to revoke that probation. The district court disagreed and revoked Byrd's probation after finding that he had violated a condition thereof and sentenced him to eighteen months imprisonment. Byrd appeals.

Byrd's contention that there is a conflict between the written judgment and the sentence announced in open court is without merit. We find no conflict between the written judgment in this case and the oral pronouncement of sentence. The listing of the conditions of probation in the written judgment merely serves to clarify the oral pronouncement of probation and, therefore, prevails. See United States v. Garcia, 37 F.3d 1359, 1368 (9th Cir. 1994) (holding that, when there is an ambiguity in the oral pronouncement of a sentence, the written judgment is used to resolve that ambiguity). Accordingly, Byrd's sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3